[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-10731
Non-Argument Calendar
_____

D.C. Docket No. 1:16-cv-03369-SCJ

CYNTHIA NALL TURNER,

Plaintiff-Appellant,

versus

SYNDICATED OFFICE SYSTEMS, LLC,
d.b.a. Central Financial Control,
TENET HEALTHSYSTEM MEDICAL, INC.,
d.b.a. Spalding Regional Hospital,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(November 1, 2018)

Before TJOFLAT, WILSON and HULL, Circuit Judges.

PER CURIAM:

Cynthia Turner, proceeding *pro se*, appeals following a grant of summary judgment in favor of the defendants in her action brought under the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692e, 1692f, 1692h; the Georgia Fair Business Practices Act, Ga. Code § 10-1-391; and for conversion and negligence.

Generally, we review *de novo* a district court's grant of summary judgment, viewing all evidence and reasonable factual inferences drawn from it in the light most favorable to the nonmoving party. *Crawford v. Carroll*, 529 F.3d 961, 964 (11th Cir. 2008). However, under Eleventh Circuit Rule 3-1, a party who fails to object to a magistrate judge's findings or recommendations in an Report & Recommendation ("R&R") "waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions," provided the party was given proper notice of the objection time period and the consequences of failing to do so. *Id.* We will "only review a waived objection, for plain error, if necessary in the interests of justice." *Evans v. Ga. Reg'l Hosp.*, 850 F.3d 1248, 1257 (11th Cir. 2017); 11th Cir. R. 3-1. But a review for plain error "rarely applies in civil cases." *Evans*, 850 F.3d at 1257 (quoting *Ledford v. Peeples*, 657 F.3d 1222, 1258 (11th Cir. 2011)). Even when it does, "we require a greater showing of

2

error than in criminal appeals." *Id.* (citing *United States v. Levy*, 391 F.3d 1327, 1343 n.12 (11th Cir. 2004)).

Turner failed to preserve the errors she claims the District Court made because she never objected to the Magistrate Judge's R&R. Turner does not argue that she received inadequate notice of the time period for objecting to the R&R or the consequences of her failing to do so. Instead, she explains that she was prevented from objecting to the R&R by "illness and emotional devastation caused by the ruling." Although we in no way mean to diminish the seriousness of her upset, Turner has not supplied us with a sufficient reason to review the District Court's judgment for plain error.[1]

**AFFIRMED.**

---

[1] Even if we were to review for plain error, the record discloses no error, much less a plain one. The Magistrate Judge correctly determined that Turner's FDCPA clams were time barred. The Magistrate Judge also correctly rejected Turner's negligence claim for lack of causation and ruled against her on her conversion claim because she consented to the alleged conversion.